FILED

08 JUL 31 PM 2:41

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _Ecc_ DEPUTY

1  JOHN M. MCCOY III, Cal. Bar No. 166244
   E-mail: mccoyj@sec.gov
2  FINOLA H. MANVELIAN, Cal. Bar No. 180681
   Email: manvelianf@sec.gov
3  JESSICA R. PUATHASNANON, Cal. Bar No. 208074
   E-mail: puathasnanonj@sec.gov
4  WILLIAM G. BERRY, Cal. Bar No. 206348
   E-mail: berryw@sec.gov
5
   Attorneys for Plaintiff
6  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
7  Andrew G. Petillon, Associate Regional Director
   5670 Wilshire Boulevard, 11th Floor
8  Los Angeles, California 90036-3648
   Telephone:  (323) 965-3998
9  Facsimile:  (323) 965-3908

10

11             UNITED STATES DISTRICT COURT

12           SOUTHERN DISTRICT OF CALIFORNIA

13

14
   SECURITIES AND EXCHANGE        Case No. _____  '08 CV 1390 JAH JMA
15  COMMISSION,
16                                 CONSENT OF DEFENDANT
              Plaintiff,           JERRY L. BURDICK
17        vs.
18
   JERRY L. BURDICK,
19
              Defendant.
20
21
22
23
24
25
26
27
28

CF

**CONSENT OF DEFENDANT JERRY L. BURDICK**

1.    Defendant Jerry L. Burdick ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violations of Section 17(a)(2) and (3) of the Securities Act of 1933 [15 U.S.C. § 77q(a)(2) and (3)] and Rules 13a-14, 13b2-1, and 13b2-2 promulgated thereunder [17 C.F.R. §§ 240.13a-14, 240.13b2-1, and 240.13b2-2], and aiding and abetting violations of Sections 13(a) and 13(b)(2)(A) of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78m(a) and 78m(b)(2)(A)], and Rules 12b-20 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20 and 240.13a-13]; and

    (b)    orders Defendant to pay a civil penalty in the amount of $25,000.00 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3.    Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund

1  or otherwise used for the benefit of investors.  Defendant further agrees that he

2  shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

3  federal, state, or local tax for any penalty amounts that Defendant pays pursuant to

4  the Final Judgment, regardless of whether such penalty amounts or any part thereof

5  are added to a distribution fund or otherwise used for the benefit of investors.

6      4.     Defendant waives the entry of findings of fact and conclusions of law

7  pursuant to Rule 52 of the Federal Rules of Civil Procedure.

8      5.     Defendant waives the right, if any, to a jury trial and to appeal from

9  the entry of the Final Judgment.

10     6.     Defendant enters into this Consent voluntarily and represents that no

11  threats, offers, promises, or inducements of any kind have been made by the

12  Commission or any member, officer, employee, agent, or representative of the

13  Commission to induce Defendant to enter into this Consent.

14     7.     Defendant agrees that this Consent shall be incorporated into the Final

15  Judgment with the same force and effect as if fully set forth therein.

16     8.     Defendant will not oppose the enforcement of the Final Judgment on

17  the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal

18  Rules of Civil Procedure, and hereby waives any objection based thereon.

19     9.     Defendant waives service of the Final Judgment and agrees that entry

20  of the Final Judgment by the Court and filing with the Clerk of the Court will

21  constitute notice to Defendant of its terms and conditions.  Defendant further

22  agrees to provide counsel for the Commission, within thirty days after the Final

23  Judgment is filed with the Clerk of the Court, with an affidavit or declaration

24  stating that Defendant has received and read a copy of the Final Judgment.

25     10.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the

26  claims asserted against Defendant in this civil proceeding.  Defendant

27  acknowledges that no promise or representation has been made by the Commission

28  or any member, officer, employee, agent, or representative of the Commission with

-3-

1  regard to any criminal liability that may have arisen or may arise from the facts

2  underlying this action or immunity from any such criminal liability.  Defendant

3  waives any claim of Double Jeopardy based upon the settlement of this proceeding,

4  including the imposition of any remedy or civil penalty herein.  Defendant further

5  acknowledges that the Court's entry of a permanent injunction may have collateral

6  consequences under federal or state law and the rules and regulations of self-

7  regulatory organizations, licensing boards, and other regulatory organizations.

8  Such collateral consequences include, but are not limited to, a statutory

9  disqualification with respect to membership or participation in, or association with

10  a member of, a self-regulatory organization.  This statutory disqualification has

11  consequences that are separate from any sanction imposed in an administrative

12  proceeding.  In addition, in any disciplinary proceeding before the Commission

13  based on the entry of the injunction in this action, Defendant understands that he

14  shall not be permitted to contest the factual allegations of the complaint in this

15  action.

16      11.    Defendant understands and agrees to comply with the Commission's

17  policy "not to permit a defendant or respondent to consent to a judgment or order

18  that imposes a sanction while denying the allegations in the complaint or order for

19  proceedings."  17 C.F.R. § 202.5.  In compliance with this policy, Defendant

20  agrees: (i) not to take any action or to make or permit to be made any public

21  statement denying, directly or indirectly, any allegation in the complaint or

22  creating the impression that the complaint is without factual basis; and (ii) that

23  upon the filing of this Consent, Defendant hereby withdraws any papers filed in

24  this action to the extent that they deny any allegation in the complaint.  If

25  Defendant breaches this agreement, the Commission may petition the Court to

26  vacate the Final Judgment and restore this action to its active docket.  Nothing in

27  this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take

28

-4-

1   legal or factual positions in litigation or other legal proceedings in which the

2   Commission is not a party.

3        12.    Defendant hereby waives any rights under the Equal Access to Justice

4   Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any

5   other provision of law to seek from the United States, or any agency, or any

6   official of the United States acting in his or her official capacity, directly or

7   indirectly, reimbursement of attorney's fees or other fees, expenses, or costs

8   expended by Defendant to defend against this action.  For these purposes,

9   Defendant agrees that Defendant is not the prevailing party in this action since the

10  parties have reached a good faith settlement.

11       13.    In connection with this action and any related judicial or

12  administrative proceeding or investigation commenced by the Commission or to

13  which the Commission is a party, Defendant (i) agrees to appear and be

14  interviewed by Commission staff at such times and places as the staff requests

15  upon reasonable notice; (ii) will accept service by mail or facsimile transmission of

16  notices or subpoenas issued by the Commission for documents or testimony at

17  depositions, hearings, or trials, or in connection with any related investigation by

18  Commission staff; (iii) appoints Defendant's undersigned attorney as agent to

19  receive service of such notices and subpoenas; (iv) with respect to such notices and

20  subpoenas, waives the territorial limits on service contained in Rule 45 of the

21  Federal Rules of Civil Procedure and any applicable local rules, provided that the

22  party requesting the testimony reimburses Defendant's travel, lodging, and

23  subsistence expenses at the then-prevailing U.S. Government per diem rates; and

24  (v) consents to personal jurisdiction over Defendant in any United States District

25  Court for purposes of enforcing any such subpoena.

26       14.    Defendant agrees that the Commission may present the Final

27  Judgment to the Court for signature and entry without further notice.

28

15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _7/28/08_____          _Jerry L. Burdick_____

Jerry L. Burdick

On _JULY 28th_, 2008, _Jerry L. Burdick_____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 8-16-2009

Approved as to form:

_____
David J. Schindler, Esq.
Latham & Watkins, LLP
Attorneys for Defendant
JERRY L. BURDICK

1  JOHN M. MCCOY III, Cal. Bar No. 166244
   E-mail: mccoyj@sec.gov
2  FINOLA H. MANVELIAN, Cal. Bar No. 180681
   Email:  manvelianf@sec.gov
3  JESSICA R. PUATHASNANON, Cal. Bar No. 208074
   E-mail:  puathasnanonj@sec.gov
4  WILLIAM G. BERRY, Cal. Bar No. 206348
   E-mail: berryw@sec.gov
5
   Attorneys for Plaintiff
6  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
7  Andrew G. Petillon, Associate Regional Director
   5670 Wilshire Boulevard, 11th Floor
8  Los Angeles, California 90036-3648
   Telephone:  (323) 965-3998
9  Facsimile:  (323) 965-3908

10

11                   **UNITED STATES DISTRICT COURT**

12                 **SOUTHERN DISTRICT OF CALIFORNIA**

13

14

15   SECURITIES AND EXCHANGE          Case No. _____
     COMMISSION,
16
                 Plaintiff,
17                                     **[PROPOSED] FINAL JUDGMENT
         vs.                           AS TO DEFENDANT JERRY L.**
18                                     **BURDICK**

19   JERRY L. BURDICK,

20
                 Defendant.
21

22

23

24

25

26

27

28

**FINAL JUDGMENT AS TO DEFENDANT JERRY L. BURDICK**

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant Jerry L. Burdick ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(2) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(b)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined

1   from aiding and abetting an issuer's filing of quarterly reports with the

2   Commission on Forms 10-Q that fail to contain material information necessary to

3   make the required statements in the Forms 10-Q, in light of the circumstances in

4   which they are made, not misleading, in violation of Section 13(a) of the Securities

5   Exchange Act of 1934 [15 U.S.C. § 78m(a)], and Rules 12b-20 and 13a-13

6   thereunder [17 C.F.R. §§ 240.12b-20 and 240.13a-13].

7                                      III.

8         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

9   Defendant and Defendant's agents, servants, employees, attorneys, and all persons

10  in active concert or participation with them who receive actual notice of this Final

11  Judgment by personal service or otherwise are permanently restrained and enjoined

12  from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act

13  [15 U.S.C. § 78m(b)(2)(A)] by knowingly providing substantial assistance to an

14  issuer in failing to make and keep books, records, and accounts, which, in

15  reasonable detail, accurately and fairly reflect the transactions and disposition of

16  the assets of the issuer.

17                                     IV.

18        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

19  Defendant and Defendant's agents, servants, employees, attorneys, and all persons

20  in active concert or participation with them who receive actual notice of this Final

21  Judgment by personal service or otherwise are permanently restrained and enjoined

22  from violating Exchange Act Rule 13b2-1 thereunder [17 C.F.R. § 240.13b2-1] by,

23  directly or indirectly, falsifying or causing to be falsified, any book, record or

24  account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §

25  78m(b)(2)(A)].

26                                      V.

27        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

28  Defendant and Defendant's agents, servants, employees, attorneys, and all persons

1  in active concert or participation with them who receive actual notice of this Final

2  Judgment by personal service or otherwise are permanently restrained and enjoined

3  from violating Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14] by

4  falsely certifying that:

5      (a)    any required issuer report does not contain any untrue statement of a

6          material fact or omit to state a material fact necessary to make the

7          statements made, in light of the circumstances under which such

8          statements were made, not misleading with respect to the period

9          covered by the report; and

10      (b)    the information contained in the report fairly presents in all material

11          respects the financial condition, results of operations, and cash flows

12          of the issuer as of, and for the periods presented in the report.

13                               VI.

14      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

15  Defendant and Defendant's agents, servants, employees, attorneys, and all persons

16  in active concert or participation with them who receive actual notice of this Final

17  Judgment by personal service or otherwise are permanently restrained and enjoined

18  from violating Rule 13b2-2 of the Exchange Act [17 C.F.R. § 240.13b2-2] by

19  making or causing to be made, or causing another person to omit or state, a

20  materially false or misleading statement, or omitting to state a material fact in

21  order to make statements made, in light of the circumstances under which such

22  statements were made, not misleading to an accountant in connection with (i) an

23  audit or examination of financial statements required to be made pursuant to the

24  Exchange Act regulations, or (ii) the preparation or filing of reports or documents

25  required to be filed with the Commission pursuant to Exchange Act regulations or

26  otherwise.

27                               VII.

28      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

1  Defendant is liable for a civil penalty in the amount of $25,000.00 pursuant to

2  Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the

3  Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this obligation by

4  paying $25,000.00 within ten (10) business days after entry of this Final Judgment

5  by certified check, bank cashier's check, or United States postal money order

6  payable to the Securities and Exchange Commission.  The payment shall be

7  delivered or mailed to the Office of Financial Management, Securities and

8  Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-

9  3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying

10 Jerry L. Burdick as a defendant in this action; setting forth the title and civil action

11 number of this action and the name of this Court; and specifying that payment is

12 made pursuant to this Final Judgment.  Defendant shall pay post-judgment interest

13 on any delinquent amounts pursuant to 28 USC § 1961.  The Commission shall

14 remit the funds paid pursuant to this paragraph to the United States Treasury.

15                                              VIII.

16      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

17 Consent is incorporated herein with the same force and effect as if fully set forth

18 herein, and that Defendant shall comply with all of the undertakings and

19 agreements set forth therein.

20                                              IX.

21      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

22 Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

23 of this Final Judgment.

24

25 Dated: _____

26

27                              _____

                                 UNITED STATES DISTRICT JUDGE

28

                                        -5-